# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KATINA OLIVER, ) | |
| ) | CIVIL ACTION FILE NO. |
| Plaintiff, ) | |
| ) | _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BRIDGEWAY HOME HEALTH ) | |
| HOLDINGS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Katina Oliver, and hereby files this Complaint for Damages, showing this Honorable Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages caused by Defendant's unlawful discriminatory employment practices involving Plaintiff's employment and termination. The practices committed by the Defendant violate the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 1343 and 42 U.S.C. § 12101 *et seq.*, and 42 U.S.C. § 12117.

3.

Defendant is located and doing business within this judicial district and division. This action is brought within the Northern District of Georgia, wherein all or a substantial majority of the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

## PARTIES

4.

Plaintiff Katina Oliver is a resident of the state of Georgia and is subject to the jurisdiction of this Court. Plaintiff was employed by Defendant at all times material to the claims asserted herein and was an "employee" of Defendant as defined by the ADA at 42 U.S.C. § 12111(4).

5.

Plaintiff, at all times relevant hereto, was an individual with a disability as the term is defined by 42 U.S.C. § 12102(1).

6.

Plaintiff is a person with a disability inasmuch as she has an impairment causing substantial limitations in one or more major life activities, she has a record of a disability, and Defendant regarded her as having a disability.

7.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for each working day in each of 20 more calendar weeks in the preceding calendar year, and therefore satisfies the requisite requirements of the ADA. 42 U.S.C. § 12111(5).

8.

Defendant, Bridgeway Home Health Holdings, LLC, is a domestic corporation doing business throughout metro Atlanta, Georgia, and at all times material hereto has conducted business within this District. This Defendant may be served through its registered agent for service of process: Gary W. Rasmussen, 1395 South Marietta Parkway SE, Building 400, Suite 102, Marietta, GA 30067.

## ADMINISTRATIVE PROCEDURES

9.

On October 21, 2019, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 410-2019-08479.

10.

The EEOC issued a "Notice of Right to Sue" on August 21, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

11.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

12.

Defendant hired Plaintiff as a Licensed Practical Nurse on or around November 15, 2018. Plaintiff worked continuously for Defendant until she suffered a seizure on May 27, 2019.

13.

Due to her seizure, Ms. Oliver's treating physician restricted her from driving. Plaintiff informed Defendant of this condition immediately following her seizure.

14.

This condition substantially limits multiple major life activities.

15.

On or around June 28, 2019, Plaintiff requested a reasonable accommodation to work in the office because of her inability to drive due to her seizures.

16.

In response to Plaintiff's request for accommodation, Defendant terminated Plaintiff on or around July 2, 2019.

17.

Throughout her employment, Plaintiff was able to perform the essential functions of her position.

## COUNT I
## ADA – DISABILITY DISCRIMINATION

18.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 17 as if fully set forth herein.

19.

Plaintiff is a disabled person as defined by the ADA in that (a) she has a physical impairment and (b) she has a record of such impairment.

20.

Plaintiff has a physical impairment which substantially limits one or more major life activities.

21.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA.

22.

At all times relevant to this action, Plaintiff was capable of performing the essential functions of her position with Defendant.

23.

Plaintiff requested a reasonable accommodation that would have allowed her to continue to perform the essential functions of her job.

24.

Defendant refused to grant the accommodation Plaintiff requested.

25.

Defendant received notice of Plaintiff's disability on or about the time Plaintiff suffered a seizure on May 27, 2019.

26.

Defendant terminated Plaintiff's employment because of her disability.

27.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA.

28.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

29.

Defendant treated other employees outside Plaintiff's protected class differently.

30.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of her disability. This is a violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111, *et seq*.

31.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

32.

Defendant's conduct complained of herein deprived Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

33.

As a direct and proximate result of Defendant's violations of the ADA, Plaintiff suffered damages to her psychological and physical well-being.

34.

As a result of this discrimination, Plaintiff was injured and damaged; she was forced to seek other employment; her career was significantly and adversely impacted; she was forced to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

35.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory

damages, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADA.

36.

Plaintiff has satisfied all administrative prerequisites to bringing this claim.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

37.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 36 as if fully set forth herein.

38.

At all times relevant to this action, Plaintiff was capable of performing the essential functions of her job.

39.

Plaintiff requested a reasonable accommodation that would have allowed her to continue to perform the essential functions of her job.

40.

Defendant refused to grant the accommodation Plaintiff requested.

41.

Plaintiff's request for reasonable accommodation constitutes protected conduct under the ADA, as amended.

42.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her accommodation request.

43.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

44.

Defendant's retaliatory actions against Plaintiff violate the ADA, as amended. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

45.

Defendant's retaliatory conduct complained of herein has deprived Plaintiff of an equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

46.

As a direct and proximate result of Defendant's violations of the ADA, Plaintiff was made the victim of acts that adversely affected her psychological and physical well-being.

47.

As a result of this discrimination, Plaintiff suffered injury and damage; she was forced to seek other employment; to have her career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

48.

Pursuant to the ADA, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under the ADA, as amended.

## COUNT III
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1991

49.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 48 as if fully set forth herein.

50.

Defendant discriminated against Plaintiff and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities but exhibits malice or reckless indifference to Plaintiff's federally protected rights.

51.

Plaintiff thus seeks compensatory and punitive damages pursuant to § 102(a)(1) of the Civil Rights Act of 1991.

**WHEREFORE**, Plaintiff requests the following relief:

a) General damages for mental and emotional suffering caused by the misconduct of Defendant;

b) Punitive damages based on the Defendant's willful, malicious, intentional, and deliberate acts;

c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

d) Reasonable attorneys' fees and expenses of litigation;

e) Trial by jury as to all issues;

f) Prejudgment interest at the rate allowed by law;

g) Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

i) All other relief to which she may be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff herewith demands trial by jury as to all issues to which a right to trial by jury is afforded.

Respectfully submitted, this 19th day of November, 2020.

HOFFER & WEBB, LLC

*/s/ Robyn Oliver Webb*
_____
ROBYN OLIVER WEBB
Georgia Bar No. 552505
MICHAEL D. HOFFER
Georgia Bar No. 359493
*Attorneys for Defendant*

3190 Northeast Expressway, Suite 430
Chamblee, Georgia 30341
404-260-6330 Office
404-260-6192 Direct / Fax
rwebb@hofferwebb.com

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1C**

Pursuant to the Local Rules of this Court, the above-signed counsel certify that this pleading complies with all formatting requirements of the Local Rules and further certifies that this pleading is printed in Times New Roman, 14-point type.